# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-551V

```
* * * * * * * * * * * * * * * * * * * * * * * *   *
                                                  *
                                                  *
ANGELA ZAMBELLI, parent of S.R.,                  *   UNPUBLISHED
a minor,                                          *
                        Petitioner,               *
                                                  *
                                                  *   Special Master Katherine E. Oler
v.                                                *
                                                  *
                                                  *
SECRETARY OF HEALTH AND                           *   Filed: March 6, 2024
HUMAN SERVICES,                                   *
                                                  *
                        Respondent.               *
                                                  *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Edward Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner
*Mark Hellie*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

On April 15, 2019, Angela Zambelli ("Petitioner") filed a petition, on behalf of S.R., a minor, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). ECF No. 1 ("Pet."). The petition alleges S.R. developed Guillain-Barré syndrome as a result of the MMR and Hib vaccinations she received on August 31, 2017. Pet. at 1.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner filed a motion for interim attorneys' fees and costs on September 28, 2023, requesting a total of $162,200.61. ECF No. 76 (hereinafter "Fees Application"). Respondent filed a response on October 12, 2023, deferring to me as to whether Petitioner has met the legal standard for an award of interim attorneys' fees and costs. ECF No. 82 ("Fees Resp.") at 2. Petitioner did not file a reply.

I hereby **GRANT IN PART** Petitioner's application and award a total of **$160,200.61** in interim attorneys' fees and costs.

## I.  Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.  *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special

Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B.  Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C.  Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Undue Financial Hardship

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). In this case, Petitioner's attorney has been working on this case since 2017. Fees App. at 1. Additionally, Petitioner's attorney has hired two well-qualified experts at a substantial cost. *Id.* at 4. The Federal Circuit has noted that interim fees "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352 (Fed. Cir. 2008).

I also note that the COVID-19 pandemic has had a significant impact on the United States economy and such impact has been recognized by this court. *See Monge-Landry v. Sec'y of Health & Hum. Servs*, No. 14-853V, 2020 WL 4219821 *5 (Fed. Cl. Spec. Mstr. Jun. 30, 2020)

(recognizing the COVID-19 pandemic's continued disruption of the airline industry in its calculation of appropriate interim fees).

Given these unprecedented economic circumstances, and the time already spent litigating this case, I find that the Petitioner would suffer undue hardship in the absence of an award of interim attorneys' fees and costs.

### B.  Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. at 2-4. I find that the petition was filed in good faith.

With regard to reasonable basis, Petitioner submitted five expert reports, three reports from Dr. M. Eric Gershwin, a board-certified rheumatologist, and two reports from Dr. Mahbubul Huq, a board-certified neurologist. Exs. 18, 20, 102, 109, 113. Both experts also testified at the entitlement hearing that took place on September 5-6, 2023.

This constitutes sufficient evidence to establish a reasonable basis for the claim. As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

### C.  Attorneys' Fees

Petitioner retained Mr. Edward Kraus to represent her in this matter. *See generally,* Fees App. Petitioner requests a total of $107,675.10 in attorneys' fees. *Id.* at 1.

1.  <u>Reasonable Hourly Rate</u>

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The 2020 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%2

Petitioner requests compensation for her attorney, Edward Kraus, at the following hourly rates: $418.00 per hour for work performed in 2019; $435.00 per hour for work performed in 2020; $458.00 per hour for work performed in 2021; $472.00 per hour for work performed in 2022; and $497.00 per hour for work performed in 2023. Fees App. at 1-2.

Mr. Kraus also requests compensation for some of his colleagues. He requests $318.00-436.00 per hour for Ms. Amy Kraus, for work performed between 2017-2023; and for Ms. Brynna Gang, $300.00-390.00 per hour for work performed 2020-2023. Fees App. at 1-2. Mr. Kraus also requests compensation for paralegal work performed from 2018 to 2023 at hourly rates ranging from $145.00 to $177.00. *Id.* at 25-26.

The requested rates are consistent with what Mr. Kraus and his associates have been awarded in previous cases. *See, e.g.*, *Henkel v. Sec'y of Health & Hum. Servs.*, No. 15-1048V, 2022 WL 370297 (Fed. Cl. Spec. Mstr. Jan. 19, 2023); *Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318, at *2 (Fed. Cl. Spec. Mstr. Sept. 20, 2021); *Cantu v. Sec'y of Health & Hum. Servs.*, No. 16-1600V, 2021 WL 5026902, at *2 (Fed. Cl. Spec. Mstr. Sept. 29, 2021); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2770820, at *2– 3 (Fed. Cl. Spec. Mstr. May 16, 2018). Accordingly, no adjustment is warranted.

### 2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

---

7%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf
The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf
The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), mot. for rev. denied, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

Petitioner's counsel have provided a breakdown of hours billed and costs incurred. Fees App., Tab A. I find the hours to be largely reasonable, however I must reduce for excessive time billed by paralegals and attorneys for administrative tasks, such as creating and organizing exhibits and processing payment for medical record requests. Mr. Kraus has been warned previously about these billing practices. *See, e.g.*, *K.L. v. Sec'y of Health & Hum. Servs.*, No. 16-645V, 2021 WL 852109 (Fed. Cl. Spec. Mstr. Jan. 26, 2021); *White v. Sec'y of Health & Hum. Servs.*, No. 17-655V, 2020 WL 3619904 (Fed. Cl. Spec. Mstr. Jun. 24, 2020); *Towpik v. Sec'y of Health & Hum. Servs.*, No. 15-1213V, 2019 WL 549144 (Fed. Cl. Spec. Mstr. Jan. 9, 2019). Accordingly, I will deduct $2,000.00 for the entries billed 4/15/2019, 6/17/2019 (2), 8/7/2023 (4), 8/16/2023, 8/24/2023 (2).

As a result, I award Petitioner a total of **$105,675.10** in attorneys' fees.

### D.  Reasonable Costs

Petitioner requests a total of $54,525.51: $52,625.00 for expert costs; $465.66 for medical record requests; $5.05 for mailing costs; $1,029.80 for the entitlement hearing transcript; and $400.00 for the Court's filing fee. Petitioner provided documentation of the medical record requests, the Court's filing fee, and mailing cost. I find the costs for these items reasonable, and award them in full. I discuss the costs for Petitioner's experts below.

#### 1.  Petitioner's Expert Costs for M. Eric Gershwin, M.D.

Petitioner requests $30,500.00 for Dr. Gershwin's work on this case, reflecting 61 hours of work at $500 per hour. This reflects the time that Dr. Gershwin spent drafting three expert reports and testifying at the entitlement hearing. Dr. Gershwin has been awarded his requested hourly rate and I see no reason to disturb his rate. *See, e.g.*, *Antalosky v. Sec'y v. Sec'y of Health & Hum. Servs.*, No. 16-701V, 2022 WL 363916 (Fed. Cl. Spec. Mstr. Jan. 24, 2022); *Svagdis v. Sec'y of Health & Hum. Servs.*, No. 15-520V, 2020 WL 3969874 (Fed. Cl. Spec. Mstr. Jun. 4, 2020); *Hoskins v. Sec'y of Health & Hum. Servs.*, No. 15-071V, 2017 WL 3379270 (Fed. Cl. Spec. Mstr. Jul. 12, 2017). Further, the number of hours he worked on this case to be reasonable. Accordingly. I award Dr. Gershwin's costs in full.

2. <u>Petitioner's Expert Costs for Mahbubul Huq, M.D., Ph.D.</u>

Petitioner requests $22,125.00 for Dr. Huq's two reports and time spent preparing and testifying at the entitlement hearing, totaling 44.25 hours at an hourly rate of $500 per hour. Fees App., Tab B at 62-63. Dr. Huq has previously been awarded his requested hourly rate. *See, e.g.*, *Ginn v. Sec'y of Health & Hum. Servs.*, No. 16-1466V, 2020 WL 7774606 (Fed. Cl. Spec. Mstr. Dec. 4, 2020); *Agarwal v. Sec'y of Health & Hum. Servs.*, No. 16-191V, 2019 WL 2281744, at *4 (Fed. Cl. Spec. Mstr. Apr. 23, 2019); *Robinson v. Sec'y of Health & Hum. Servs.*, No. 14-915V, 2018 WL 3987062 (Fed. Cl. Spec. Mstr. July 17, 2018); *cf. Anderson v. Sec'y of Health & Hum. Servs.*, No. 02-1314V, 2017 WL 2927044 (Fed. Cl. Spec. Mstr. May 24, 2017) (declining to award more than $400.00 per hour for this expert). As Dr. Huq is well qualified and provided useful testimony in this case, I award his requested costs in full.

I award Petitioner a total of **$54,525.51** in attorneys' costs.

### III.   Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

- A lump sum in the amount of **$160,200.61**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Mr. Edward Kraus.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.